Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that the contract between the parties dated the 25th of September 1833, and made an exhibit in the cause, was entered into under a mutual mistake, produced by the belief of the appellee that Col. William Martin, the agent of the legatees of Gen. Joseph Martin, had sold the lands in Mississippi to a certain Elias D. Kent, and therefore that it was not in the power of the appellant to comply with the agreements previously made with the appellee to convey to him the 750 acres which had theretofore been sold to him.
That under the influence of said mistake, produced by the representations of the appellee, who then be *65 lieved the same to he true, the appellant was induced to enter into the arrangement of the 25th September 1833, whereby compensation was to be allowed for the supposed loss of the land previously sold; and the appellee was invested with the power to settle with and receive from said Col. William Martin the proceeds arising from the sale of so much of said land as the appellant was entitled to.
That in entering into said arrangement, it appears from the terms of the agreement and of the order in favour of the appellee upon the said Col. William Martin, the parties did not contemplate a sale of the land. They both then supposed the land had been disposed of; and there would have been no motive on the part of the appellant to enter into the arrangement whereby compensation was made for the loss of the land, if at the time he had been apprised of the fact that there remained unsold a sufficient quantity of the land to which he was entitled to satisfy his original contract of sale.
The deeds subsequently executed by the appellant and others at his instance, vesting the legal title to the land in the appellee, were made by the appellant and others at his instance, to enable the appellee more easily to settle with and receive the proceeds of the sale from the agent, and on the part of the appellant to carry out and fulfil the arrangement of the 25th September 1833.
The appellee, when he received information that the contract alleged to have been entered into between Elias D. Kent and the agent, for the purchase of all the lands, had not been consummated, and that there remained a sufficient quantity of land unsold to which the appellant was entitled to satisfy his original purchase, was bound in good faith to communicate the fact to the appellant; but the suppression of.that fact, and his treating the contract of the 25th September *66 1833 as an absolute sale by the Armsteads to the appellee of their whole interest in the lands, was a fraud against which the appellant is entitled to be relieved.
The Court is further of opinion, that as the power of agent at the time of the sale of the lands to the appellee was unrevoked, and his sale therefore valid; and as it furthermore appears that the lands were sold at their fair value and were purchased in connection with other lands of legatees, no partition having been made, and, as it is alleged, have been improved by the appellee ; and. the contract having moreover been fully executed by absolute conveyances to the appellee ; and the appellant himself having been guilty of laches in failing to make proper enquiries, and in the prompt assertion of his claim; and the lands being situated in another State, the proper measure of relief under the circumstances of this case, will be compensation for the injury instead of a rescission of the contract.
In ascertaining the amount of such compensation, the appellant should be debited with the original price of the 750 acres of land, 1412 dollars 62 cents, (with interest thereon from the times of his sales to the appellee up to the date of the settlement made by the appellee with the agent,) and also with 693 dollars 54 cents, the amount of the debts in the account, with interest on the principal to the same period.
And the appellee should be debited with the sum received of the agent, Col. William Martin, on account of the lands previously sold; also with the price agreed upon between him and said agent for the proportion of the appellant in his own right, and in right of other legatees to which he was entitled, in the lands not previously sold by the agent, and then purchased of the agent by the appellee; also with 143 dollars 54 cents cash, paid on the 25th September 1833, the balance then ascertained, with interest to the date of the settlement with the agent, and also with the sum of 200 *67 dollars, alleged in the bill and admitted in the answer to have been paid to the appellee by the appellant, for interest on the amount of the order upon the agent, from the date thereof to the time of settlement with the agent, and deducting the amount so debited to the appellant from the amount so debited to the appellee, the balance so ascertained to he due from the appellee will be the sum for which, with interest, the appellant should have a decree. And leave should be reserved to the appellant to apply to the Court for a rescission of the contract, and a decree for the reconveyance of the land conveyed to the appellee, over and above the 750 acres, in the event of the personal decree for the balance, ascertained as aforesaid, proving unavailing.
The Court is therefore of opinion that the decree dismissing the bill is erroneous; and the same is reversed with costs; and the cause is remanded, to be proceeded in according to the principles of this opinion, in order to a final decree.